| | | | |
|---|---|---|---|
| ADRIAN JONES, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos: | 4:06-cr-029 |
| | ) | | 4:09-cv-007 |
| | ) | | (MATTICE/CARTER) |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Adrian Jones ("petitioner"). The government has filed its response to the motion, and petitioner has filed his reply to the response. Petitioner also filed a motion to amend the § 2255 motion, to which the government has also responded. For the following reasons, the motion to amend will be **DENIED** as untimely, the § 2255 motion to vacate will be **DENIED**, and this action will be **DISMISSED**. All other pending motions will be **DENIED** as **MOOT**.

I.      Standard of Review

This court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render

the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.    Factual Background

Petitioner and his co-defendant were indicted on two counts in a three-count indictment of conspiring to use and carry a firearm during and in relation to a drug trafficking crime (count one) and aiding and abetting each other in brandishing a firearm during and in relation to a drug trafficking crime (count two); petitioner's co-defendant was also indicted on charges of possessing with intent to distribute cocaine hydrochloride (count three). [Criminal Action No. 4:06-cr-29, Court File No. 1, Indictment]. Pursuant to a plea agreement filed on August 21, 2007, petitioner pleaded guilty to count one and the remaining

count against him was dismissed on motion of the government. [*Id.*, Court File No. 108,[1]

Plea Agreement (Under Seal)]. The parties agreed to the following factual basis for the

guilty plea:

> On or about May 29, 2006, Winchester Police Department Officer Ryan Marlin stopped a car that Casey Barnes ("Barnes") was driving because a headlight was out. Co-defendant Allgood was the passenger in the car. The police arrested Barnes for driving on a suspended license and patted co-defendant Allgood down or attempted to, but he took off and ran. They caught him and discovered that he had 38.8 grams of cocaine hydrochloride on him. The TBI Crime Lab confirmed the substance was cocaine and the weight of it. The drugs were packaged in two different baggies which, according to experts, is indicative of distribution.

> The United States would present witnesses that earlier that day (5/29/06) were at a residence in Winchester belonging to Gloria "Sissy" Holloway when the defendant and co-defendant Allgood robbed Holloway's nephew Chris Elliott ("Elliot") of approximately four (4) ounces of powder cocaine and money. The defendant held a revolver on Elliot, Cory Edwards, and Pat Sanders and made them take their clothes off and then the defendant and co-defendant Allgood took the dope, the money, and their cell phones. According to witnesses, the cocaine the Winchester Police Department found on co-defendant Allgood was from this robbery.

> Co-defendant Allgood gave a voluntary statement to ATF Special Agent Stephen Gordy where he admitted that he, Barnes, and the defendant robbed Elliot at gunpoint for the drugs and the money and that they did split the proceeds of the robbery.

> The United States would call another cooperating federal defendant, Chris Perry, who would testify truthfully that the defendant admitted to him that he did commit the aforementioned robbery of cocaine and money and that he and co-defendant Allgood did brandish a firearm to procure the contraband.

---

[1] Although the plea agreement was filed on August 21, 2007, it was placed under seal and was not entered into the court's Electronic Case Filing System until November 9, 2011.

The defendant admits that he and co-defendant Allgood brandished a firearm to procure this cocaine by way of robbery. He further admits that he intended to distribute the cocaine he took.

All of these events occurred in the Eastern District of Tennessee.

[*Id.*, Court File No. 50, Factual Basis, pp. 1-2, ¶¶ a-f].

By judgment entered March 24, 2008, petitioner was sentenced as a career offender to a term of imprisonment of 262 months. [*Id.*, Court File No. 77, Judgment]. The Judgment was amended on January 4, 2010, on motion of the government pursuant to Rule 35(b) of the Federal Rules of Criminal Procedures, to impose a reduced sentence of 188 months in prison. [*Id.*, Court File No. 106, Amended Judgment].

In support of his § 2255 motion, petitioner alleges several instances of ineffective assistance of counsel. He also alleges that his guilty plea was not knowing and voluntary; that the prosecution withheld exculpatory evidence in violation of *Brady*, and that the evidence was insufficient to support his conviction. Petitioner also moves to amend the § 2255 motion to allege nine additional instances of ineffective assistance of counsel.

III. Discussion

*A. Voluntariness of Guilty Plea*

Petitioner alleges that he did not knowingly and voluntarily enter into a plea agreement. According to petitioner, his attorney did not explain all of petitioner's rights so that he could make an intelligent and informed decision as to whether to waive his

4

constitutional right to a jury trial. Petitioner also claims that counsel misled him into believing that in exchange for the guilty plea, the government would recommend a downward departure.

In 1969, the United States Supreme Court held that, prior to the acceptance of a guilty plea, there must be "an affirmative showing that it [is] intelligent and voluntary." *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). A guilty plea cannot be knowing and voluntary unless entered with the defendant's full understanding of the charges against him and the possible consequences of his plea. *Brady v. United States*, 397 U.S. 742, 748 (1970).

Petitioner's plea agreement set forth the facts underlying his guilty plea, which were for the most part the same facts set forth in the Factual Basis. [*Id*., Court File No. 108, Plea Agreement, pp. 2-4, ¶ 5(a)-(e) (Under Seal)]. The Plea Agreement also specified that petitioner was facing a sentence of not less than seven years up to a maximum of life in prison. [*Id*. at 1, ¶ 1(a)]. The parties agreed that the court could impose any lawful term of imprisonment up to the statutory maximum. [*Id*. at 1-2, ¶ 3(a)]. Petitioner acknowledged the elements of the crime that the government would be required to prove beyond a reasonable doubt and stated that he was pleading guilty because he was in fact guilty. [*Id*. at 2, ¶ 4]. He further acknowledged the rights he was giving up by pleading guilty. [*Id*. at 4, ¶ 6]. He also acknowledged that no promises had been made by the government as to what his sentence would be; that his sentence would not be determined until after the U.S. Probation Office prepared a pre-sentence report; and that his sentence would be based upon the entire scope

of his criminal conduct, his criminal history, the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553. [*Id*. at 6, ¶ 12]. Petitioner agreed that he would not file a direct appeal and he waived the right to file a motion pursuant to 28 U.S.C. § 2255 for any reason other than claims of ineffective assistance of counsel or prosecutorial misconduct. [*Id*. at 7-8, ¶ 14 (a)-(b)].

In accepting petitioner's guilty plea, the court fully complied with the plea colloquy procedure as mandated by Rule 11 of the Federal Rules of Criminal Procedure. [*Id*., Court File No. 85, Transcript of Change of Plea]. The court first determined that petitioner was 33 years old and had completed the tenth grade in school. [*Id*. at 4]. The court next determined that petitioner was competent to enter a guilty plea. [*Id*.]. The court then advised petitioner of the rights he was giving up by pleading guilty. [*Id*. at 4-5]. Petitioner was specifically asked whether anyone had threatened him or forced him to plead guilty; he answered "No, sir" to the question. [*Id*. at 5]. He also answered "No, sir" to the question of whether any officer or agent of the government had suggested he would receive a lighter sentence by pleading guilty. [*Id*. at 9].

The court advised petitioner of the elements of the crime to which he was pleading guilty and which the government would be required to prove beyond a reasonable doubt. [*Id*. at 10-11]. At the court's request, the government stated on the record the minimum and maximum penalties that petitioner was facing [*id*. at 11] and the factual basis for the plea. [*Id*. at 14-16]. Upon questioning by the court, petitioner agreed with the government's

summary of the facts and stated that he was pleading guilty because he was in fact guilty. [*Id*. at 16].

The court also determined that petitioner understood his sentence would be determined by the court after referring to the applicable sentencing guidelines and other relevant information. [*Id*. at 13-14]. The court then accepted the guilty plea.

> [I]t's the finding of the Court in the case of United States of America versus Adrian Jones that the defendant is fully competent and capable of entering an informed plea. And that his plea of guilty to Count 2 of the indictment is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense charged. His plea is therefore accepted, and he is now adjudged guilty of that offense.

[*Id*. at 16-17].

The Court of Appeals for the Sixth Circuit has held that a defendant's sentence will not be vacated on the ground that the plea of guilty was coerced or is otherwise illegal where the defendant was "carefully interrogated by the trial judge with respect to the offenses committed," where the defendant was represented by "competent counsel," and where the defendant "discussed the offenses freely and voluntarily and freely admitted guilt, while fully aware of [his] rights." *United States v. Parker*, 292 F.2d 2,3 (6th Cir. 1961). It is well-settled that where a court scrupulously follows the requirements of Fed. R. Crim. P. 11, "'the defendant is bound by his statements in response to that court's inquiry.'" *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976)). *See also Warner v. United States*, 975 F.2d 1207 (6th Cir. 1992) (defendant's "decision to lie to the district court cannot amount to prejudice").

Based upon the foregoing, petitioner cannot now allege that his guilty plea was not knowing and voluntary. The record reflects that petitioner knowingly and voluntarily signed the plea agreement and pleaded guilty. Petitioner's claims that he was unable to make an intelligent and informed decision as to whether to plead guilty, or that he was misled as to the sentence he would receive, lack merit.

### B.  Assistance of Counsel

Petitioner alleges that his attorney advised him to plead guilty without doing any investigation of the case; that his attorney coerced him into pleading guilty by threatening that he would receive a life sentence if he did not plead guilty; and that his attorney failed to advise him that, because he was the one who allegedly brandished the firearm, he could not be guilty of aiding and abetting the brandishing of a firearm. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970),

petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The two-part test of *Strickland* also applies to ineffective assistance of counsel claims in cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Sparks v. Sowders*, 852 F.2d 882 (6th Cir. 1988).

> We hold, therefore, that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson*, [411 U.S. 258 (1973)], and *McMann v. Richardson*, [397 U.S. 759 (1970)]. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 58-59 (footnote omitted).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222,

229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

With respect to his claim that counsel failed to investigate the case, petitioner alleges that had his attorney spoken with the victims of the robbery, he would have learned that the victims had given statements to the authorities that they were never the victims of a robbery and that none of the alleged drug trafficking offenses occurred. Petitioner has not, however, provided any corroborating evidence for this claim other than his own self-serving affidavit. As noted, a § 2255 movant has the burden of proving the substance of his allegations by a preponderance of the evidence and a district court is not required to hold an evidentiary hearing on the basis of conclusory allegations. *See, e.g., Ashley v. United States*, 17 F. App'x 306, 308 (6th Cir. 2001); *Tucker v. United States*, 423 F.2d 655, 656 (6th Cir. 1970); *United States v. Orlando*, 327 F.2d 185, 188 (6th Cir. 1964); *Malone v. United States*, 299 F.2d 254, 255 (6th Cir. 1962).

Likewise, as previously noted, petitioner's guilty plea was knowingly and voluntarily entered, and he cannot now argue that his attorney coerced him into pleading guilty. His allegations of ineffective assistance of counsel in that regard lack merit.

As for petitioner's assertion that he could not be guilty of aiding and abetting the brandishing of a firearm, the claim lacks merit. Petitioner admitted in his plea agreement to personally brandishing the firearm. The fact that he and his co-defendant were indicted for

aiding and abetting each other in brandishing a firearm during a drug trafficking crime is irrelevant. *See United States v. Franklin*, 415 F.3d 537, 554-55 (6th Cir. 2005). Accordingly, counsel was not ineffective for failing to pursue this argument. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

Based upon the foregoing, petitioner has failed to demonstrate that he received ineffective assistance of counsel under the standard set forth in *Strickland*.

## C. Conduct of the Prosecutor

Petitioner alleges that the prosecutor committed a *Brady* violation by withholding exculpatory information. In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held "that suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id*. at 87. Impeachment evidence as well as exculpatory evidence "falls within the *Brady* rule." *United States v. Bagley*, 473 U.S. 667, 676 (1985). "Favorable evidence is material, and constitutional error results from its suppression by the government, 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceedings would have been different.'" *Kyles v. Whitley*, 514 U.S. 419, 433-34 (1995) (quoting *Bagley*, 473 U.S. at 682).

According to petitioner, the prosecution withheld statements by Chris Elliott, Corey Edwards, and Patrick Sanders that they were never victims of any of the crimes charged and that petitioner had not done anything to any of them. Petitioner also claims that the

prosecution withheld evidence that co-defendant Allgood was in jail on the date of the alleged crimes and thus petitioner could not have aided and abetted Allgood in brandishing a firearm.

Again, petitioner has not provided any corroborating evidence for this claim other than his own self-serving affidavit and the court is not required to hold an evidentiary hearing on the basis of petitioner's conclusory allegations. Under the circumstances, petitioner has failed to demonstrated prosecutorial misconduct or a *Brady* violation.

### D. Sufficiency of the Evidence

Petitioner alleges that evidence was insufficient to support his conviction. By pleading guilty, however, petitioner waived any right he had to challenge the sufficiency of the evidence. *See United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982) (a plea of guilty is an admission of all material facts alleged in the charge and constitutes a waiver of all non-jurisdictional defects and defenses); *see also United States v. Broce*, 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence."); *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995) ("Any right, even a constitutional right, may be surrendered in a plea agreement if that waiver was made knowingly and voluntarily.").

In addition, as previously noted, in his plea agreement petitioner waived the right to file a motion pursuant to 28 U.S.C. § 2255 for any reason other than claims of ineffective assistance of counsel or prosecutorial misconduct. [Criminal Action No. 4:06-cr-29, Court

File No. 108, Plea Agreement, pp. 7-8, ¶ 14 (b)]. Such a waiver is enforceable. *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999) ("Accordingly, we hold that a defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief."); *see also In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) ("We have held that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable.") (citations omitted). Accordingly, petitioner waived the right to challenge the sufficiency of the evidence against him.

### E. Motion to Amend

Petitioner has also filed a motion to amend the § 2255 motion to state additional claims of ineffective assistance of counsel. For the following reasons, the motion to amend is time-barred and will be denied.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal prisoner has one year in which to file a § 2255 motion. The limitation period generally runs from the date on which the judgment of conviction becomes final. Petitioner's judgment of conviction was entered on March 24, 2008; because he did not appeal, the judgment became final on April 7, 2008. *Sanchez-Castellano v. United States*, 358 F.3d 424 (6th Cir. 2004) ("an unappealed federal criminal judgment becomes final ten days after it is entered"). Petitioner therefore had until April 7, 2009, within which to file his § 2255 motion.

The original § 2255 motion was timely filed on January 12, 2009. [Court File No. 83]. Petitioner's motion to amend the § 2255 was filed on June 6, 2009. [Court File No. 95]. The

question, then, is whether the motion to amend is timely because it "relates back" to the original filing date.

"An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 640 (2005). *See also Oleson v. United States*, 27 F. App'x 566, 571, 2001 WL 1631828 *3 (6th Cir. December 14, 2001) ("Oleson's amendment does not escape the AEDPA statute of limitations by 'relating back' to previous claims -- Oleson's amendment raises an entirely new argument").

Petitioner's motion to amend raises new claims of ineffective assistance of counsel which are unrelated to his original claims of ineffective assistance. His new allegations of ineffective assistance of counsel do not relate back to the original pleading, are time-barred, and will not be considered by the court.


IV.   Conclusion

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. All other pending motions will be **DENIED** as **MOOT**. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** petitioner leave to proceed in forma pauperis on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing

of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.

28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

_/s/Harry S. Mattice, Jr._
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE